FILED

JAN 23 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  ᴠɴᴅ  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI FARAJ, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC. and HOST HOTELS & RESORTS, L.P.,<br><br>Defendants. | CASE NO. 13-CV-300 BEN (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Docket No. 22] |

Presently before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Docket No. 22.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Ali Faraj filed suit on February 6, 2013. On April 15, 2013, Plaintiff filed the First Amended Complaint ("FAC"), which is the operative complaint. In the FAC, Plaintiff alleges that he is a blind Event Billing Specialist at Defendant Marriott International, Inc. (FAC ¶¶ 3, 30); he uses a screen reading software called Jobs Access with Speech ("JAWS") to perform work on the computer (*id.* ¶¶ 3, 32); he applied to approximately 25 management positions (primarily sales manager positions), all of

which require the use of the Consolidated Inventory/Total Yield ("CI/TY")[1] system computer software program (*id.* ¶ 38); and he was denied "equal promotional opportunities" to these positions because JAWS or other screen reading software is not fully compatible with CI/TY (*id.* ¶¶ 4, 9, 33).

A Rule 16(b) Case Management Conference was held on September 27, 2013. The Court set November 1, 2013 as the deadline for filing a motion to amend the complaint.

On November 1, 2013, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (Docket No. 22.) The proposed Second Amended Complaint ("SAC") alleges: Plaintiff, Hull, and Sweigard are current and former employees of Marriott who rely on "screen access software" (SAC ¶¶ 2, 28); screen access software is commonly used by people by visual impairment or print disabilities (*id.*); Marriott does not ensure the accessibility of its software with screen access software (*id.* ¶ 4); Plaintiff, Hull, and Sweigard have sought employment opportunities with Marriott that they were denied because they use screen access software that is not compatible with the software used in the position sought (*id.* ¶¶ 5, 24, 33); Marriott's actions and decisions regarding procurement, installation, and configuration of software have failed to "ensure the accessibility of its job-related software programs and technology systems to persons with disabilities who use screen access software" (*id.* ¶ 4).

## DISCUSSION

Leave to amend a complaint shall be freely given "when justice so requires." FED. R. CIV. P. 15(a). When an opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the party moving to amend, however, leave to amend may properly be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to grant leave to amend is within the discretion of the trial court, and it may be denied where justice so requires. FED. R. CIV. P. 15(a)(2); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "The district court's discretion to deny leave

---

[1] Plaintiff refers to CI/TY as "Siebel CRM" in the FAC.

to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Here, the proposed SAC adds two new plaintiffs, Justin Hull and Amy Sweigard. The allegations corresponding to these two new plaintiffs are substantially different from those in the FAC. In regard to Hull, the SAC alleges that Hull was a reservation specialist who was prevented from transferring to the Customer Service department due to JAWS's compatibility issues with LotusNotes, the Platinum Desk due to compatibility issues with the CRIS and IMS software programs, the lead desk due to compatibility issues with the applications used by the lead desk, and the Group Housing department due to compatibility issues with the Property Management software. (SAC ¶¶ 49-62.) In regard to Sweigard, the SAC alleges that Sweigard was a reservation specialist who was prevented from transferring to the Internet Email Customer Care Department due to JAWS's compatibility issues with LotusNotes; the Platinum Desk, Scheduling Department, and Central Pod Office due to compatibility issues with the software required to perform those jobs; and the quality assurance program due to compatibility issues with Tealeaf. (*Id.* ¶¶ 63-74.) The proposed SAC, therefore, greatly expands the allegations in terms of the software at issue and the type of position sought.

Allowing Plaintiff to amend the complaint by adding substantially different allegations at this point in the proceedings would unduly prejudice Marriott. Such an expansion in the claims would require Marriott to conduct significant additional discovery. The deadline for conducting class certification discovery, however, is January 24, 2014—only six weeks after the date the Motion to Amend the Complaint was set for hearing. In addition, Marriott has already served Plaintiff with requests for production of documents, requests for admissions and interrogatories, and taken two days of Plaintiff's deposition. (Messigian Decl. ¶¶ 3-4.) Accordingly, leave to amend is **DENIED**.

///

## CONCLUSION

For the reasons stated above, the Motion for Leave to File Second Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 23, 2014

HON. ROGER T. BENITEZ
United States District Judge