FILED

14 JAN 30 AM 8:35

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DS    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI FARAJ, *on behalf of himself and others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO. 13cv300-BEN(KSC)<br><br>**ORDER DETERMINING DISCOVERY DISPUTE, AND**<br><br>[Doc. No. 35]<br><br>**EXTENDING CLASS DISCOVERY AND CLASS CERTIFICATION FILING DEADLINES**<br><br>[Doc. No. 40] |

On December 31, 2013, the parties filed a Joint Motion for Determination of Discovery Dispute. [Doc. No. 35] Plaintiff Ali Faraj ("plaintiff") seeks an order compelling defendant Marriott ("defendant")[1] to produce responses to certain document requests and to identify Rule 30(b)(6) designees subject to deposition regarding three topics. Defendant argues that the Rule 30(b)(6) topics outlined by plaintiff are overly broad and exceed the scope of the issues raised in the First Amended Complaint. In addition, on January 17, 2014, the parties jointly filed a Stipulation to Amend Scheduling Order seeking to extend the deadlines for class discovery and the filing of a class certification motion. [Doc. No. 40]

---

[1] While the December 31, 2013 Joint Motion refers to two defendants, (1) Marriott International, Inc., and (2) Host Hotels & Resorts, on January 3, 2014 the Court granted [Doc. No. 38] the parties' December 30, 2013 Joint Motion to Dismiss Defendant Host Hotels & Resorts, L.P. [Doc. No. 34], dismissing Host Hotels without prejudice. For purposes of this Order, the Court will refer to defendant Marriott singularly, as it is the only defendant currently named in this action.

- 1 -    13cv300-BEN(KSC)

For the reasons outlined in greater detail below, plaintiff's request for a Court order compelling defendant's complete responses to the discovery requests at issue [Doc. No. 35] is **DENIED**. Further, and as articulated below, the parties' jointly filed Stipulation to Amend Scheduling Order [Doc. No. 40] is **GRANTED**.

## I. PROCEDURAL HISTORY

On February 6, 2013, plaintiff filed suit [Doc. No. 1], and on April 15, 2013, he filed a First Amended Complaint ("FAC"), which is the operative complaint in this action. [Doc. No. 10] In the FAC, plaintiff alleges that he is a blind Event Billing Specialist at defendant Marriott, that he uses a screen reading software called Jobs Access with Speech ("JAWS") to perform work on the computer, and that he unsuccessfully applied for approximately 25 management positions (primarily sales manager positions), all of which require use of the Consolidated Inventory/Total Yield ("CI/TY")[2] system computer software. *Id.* at ¶¶ 3, 30, 32, 38, 40. Plaintiff alleges in the FAC that he was denied "equal promotional opportunities" to these positions because JAWS or other screen reading software is not fully compatible with CI/TY. *Id.* at ¶¶ 4, 9, 33, 40.

On September 27, 2013, the undersigned Magistrate Judge held a Rule 16(b) Case Management Conference. [Doc. No. 20] On September 30, 2013, the Court issued a Scheduling Order, *inter alia*, setting November 1, 2013 as the deadline for filing a motion to amend the complaint. [Doc. No. 21] On November 1, 2013, plaintiff filed a Motion for Leave to File Second Amended Complaint. [Doc. No. 22] The proposed Second Amended Complaint ("SAC") sought to add as plaintiffs to this action Justin Hull and Amy Sweigard, described by plaintiff as visually impaired current or former employees of defendant who rely on "screen access software." *Id.* at ¶¶ 2, 5, 24, 28, 33. According to plaintiff, putative plaintiffs Hull and Sweigard were also allegedly denied employment or advancement opportunities because the screen access software they use is not compatible with the software used in the positions sought. *Id.*

---

[2] Plaintiff refers to CI/TY as "Siebel CRM" in the FAC.

On January 23, 2014, the Court issued an Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint. [Doc. No. 41] In denying plaintiff's Motion for Leave to amend, the Court specifically found that: "The allegations corresponding to these two new plaintiffs are substantially different from those in the FAC." *Id.* at 3. Specifically, and in comparison with the claims identified and advanced by plaintiff in the FAC, the Court reasoned that the proposed SAC "greatly expands the allegations in terms of the software at issue and the type of position sought." *Id.*

## II. DISCOVERY DISPUTE

In plaintiff's portion of the parties' December 31, 2013 Joint Motion for Determination of Discovery Dispute, plaintiff argues: "At the core of the dispute is [d]efendant's unjustifiably narrow reading of the operative complaint and, consequently, [d]efendant's attempt to unilaterally limit the scope of [p]laintiff's class discovery." [Doc. No. 35, p. 3] Plaintiff argues that "by unilaterally narrowing the scope of plaintiff's complaint as applying to only one of [defendant's] software systems and a narrow set of management positions, [d]efendant has repeatedly refused to designate Rule 30(b)(6) witnesses." *Id.* Given these considerations, plaintiff requested that "the Court rule on the proper scope of the operative complaint in order to obviate further motions practice regarding [d]efendant's other written discovery responses, where [d]efendants take the same narrow approach." *Id.* at 3-4.

Based on the findings contained in this Court's January 23, 2014 Order denying plaintiff's Motion for Leave to File Second Amended Complaint, wherein the Court clarified the proper scope of the operative complaint as being limited to certain types of software at issue and types of positions sought, defendant's reading of the operative complaint is not unjustifiably narrow. To the contrary, defendant's interpretation is consistent with the rationale of this Court in denying plaintiff leave to file a second amended complaint. Accordingly, the discovery dispute presently before the Court is moot. To the extent that plaintiff is seeking discovery outside of this Court's reading

of the FAC, plaintiff's request is **DENIED**.[3]

### III. STIPULATION TO AMEND SCHEDULING ORDER

District Courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Scheduling Orders are issued pursuant to Federal Rule of Civil Procedure 16(b) to limit the time to join other parties, amend the pleadings, complete discovery, and file motions. FED.R.CIV.P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." FED.R.CIV.P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal citation and quotation marks omitted). Further, prejudice to the opposing party "might supply additional reasons" to deny modification of a Scheduling Order. *Id.*

The Court finds good cause to extend the deadlines set forth in its September 30, 2013 Scheduling Order. Prior to the Court's denial of plaintiff's Motion for Leave to File Second Amended Complaint [Doc. No. 41], the parties had fundamentally different interpretations of the scope of the case, and it appears that these perspectives impeded the exchange of discovery in this action. Given defendant's prior unwillingness to respond to discovery requests which sought documents and information beyond the FAC, which interpretation was subsequently accepted by the District Court in its ruling on January 23, 2014 [Doc. No. 41], a brief extension to the discovery deadlines is warranted to allow for discovery to proceed within the scope described by the Court in its January 23, 2014 Order.

///

///

---

[3] To the extent that the discovery process uncovers other software impacting plaintiff directly, the parties will be permitted to explore those relevant areas.

Good cause appearing, the dates contained in the Court's September 30, 2013 Scheduling Order will be amended as follows:

1. <u>Class Discovery Cut-Off</u>:  April 23, 2014
2. <u>Filing of Motion for Class Certification</u>:  June 9, 2014

The parties are to refer to the more detailed language contained in the Court's September 30, 2013 Scheduling Order [Doc. No. 21] in complying with these deadlines.

**IT IS SO ORDERED.**

DATE: January 30, 2014

KAREN S. CRAWFORD
United States Magistrate Judge