FILED
14 SEP 23 AM 10:41
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALI FARAJ, *on behalf of himself and others similarly situated*,

Plaintiff,

vs.

MARRIOT INTERNATIONAL, INC., and HOST HOTELS & RESORTS, L.P.,

Defendants.

CASE NO. 13cv300-BEN(KSC)

**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on September 27, 2013. [Doc. 20] After consulting with the attorneys of record for the parties and being advised of the status of the case, the Court issued a Scheduling Order providing pretrial dates through the class certification process. [Doc. 21] The Scheduling Order stated, "The parties shall notify the Magistrate Judge's Chambers within three court days of receiving a ruling on the class certification motion in order to set a date for a Mandatory Settlement Conference and a further Case Management Conference." *Id.* at 2.

On April 7, 2014, Judge Benitez signed an Order granting the parties' Joint Motion to Dismiss Class Allegations Without Prejudice. [Doc. 43] Since Judge Benitez's Order concluded the class certification process, the parties should have contacted this Court within three court days to receive further pretrial dates. The parties failed to do so. The parties are cautioned that they must carefully comply with all Court Orders going forward.

Good cause appearing, **IT IS HEREBY ORDERED**:

1. All fact discovery shall be completed by all parties on or before **December 12, 2014**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the affected portion of the deposition. In any case, the event giving rise to a discovery dispute is not the date on which counsel reach an impasse in meet and confer efforts. If the discovery dispute concerns written discovery requests, the parties shall submit a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court. (For further information on resolving discovery disputes, see Judge Crawford's "Chambers' Rules" which are accessible via the Court's website at www.casd.uscourts.gov.) **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2. The parties shall designate their respective experts in writing by **October 22, 2014**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be on

or before **November 12, 2014**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. On or before **December 29, 2014**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) on or before **January 20, 2015**.

5. All expert discovery shall be completed by all parties on or before **March 17, 2015**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Please be advised that failure to comply with discovery deadlines or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed on or before **April 17, 2015**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the District Judge who will hear the motion. The period of time between the date you request a hearing for your motion and the hearing date set by the law clerk may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

8. Pursuant to Local Rule 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants shall file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the

supporting evidence. Further, Plaintiff shall file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

9. A Mandatory Settlement Conference shall be conducted on **July 6, 2015** at **9:30 a.m.** in the chambers of Magistrate Judge Karen S. Crawford, United States Courthouse, 333 West Broadway, Suite 1010, San Diego, California 92101. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **June 29, 2015**. **All parties are ordered to read and to fully comply with the settlement conference procedures set forth in Judge Crawford's Chambers Rules** which are accessible via the Court's website at www.casd.uscourts.gov.

10. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) on or before **July 20, 2015**.

11. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **July 20, 2015**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

12. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before **July 27, 2015**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial

Disclosures under Federal Rules of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **August 3, 2015**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned District Judge on or before **August 10, 2015**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15. The final Pretrial Conference is scheduled on the calendar of **Judge Benitez** on **August 17, 2015** at **10:30 a.m.**

16. A post trial settlement conference before a Magistrate Judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a District Court Judge. No reply memorandum shall exceed ten (10) pages without leave of a District Court Judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Date: September 22, 2014

KAREN S. CRAWFORD
United States Magistrate Judge